MR. JUSTICE MORRISON,
dissenting:
*59 I dissent.
This dissent first addresses the questions of whether the Lake County Commissioners can properly be sued in Missoula County. If they can then Section 25-2-117, MCA, (1985) provides for the joinder of Lake County in such an action.
This is a mandamus action against the county commissioners. Such an action cannot be brought against the county. Therefore, the applicable statute is Section 25-2-125, MCA, (1985), which provides:
“The proper place of trial for an action against a public officer . . . is the county where the cause or some part thereof arose.”
Parts of this cause of action arose in both counties. The failure to pay arose in Lake County. On the other hand the services rendered by Missoula County, for which compensation is sought, were all rendered in Missoula County. The District Court could properly have found venue in either county. The statute specifically provides that any county is the proper place of trial where a part of the cause of action arose. Under such language the trial judge, Honorable James B. Wheelis, was entitled to place the venue in either county and chose Missoula County.
We have here a “King Solomon” decision. The statutes are ignored. The majority apparently feels that justice demands that neither Missoula County nor Lake County entertain this action and that the citizens of Lewis and Clark County are better equipped to dispense justice impartially.
Venue is provided for by the statutes. The statutes clearly provide that venue for an action involving public officials is in any county where part of the cause of action arose. Judge Wheelis, in conformity with applicable statutes, set venue in Missoula County. No abuse of discretion has been shown. The trial court’s ruling should be affirmed.